IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROOSEVELT PARKS,**
    Petitioner,

v.                                  Case No. 4:07cv493/WS/MD

**WALTER A. MCNEIL,**[1]
    Respondent.
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a motion to dismiss the petition as an unauthorized second or successive petition. (Doc. 9). Petitioner has responded. (Doc. 12). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that this petition is a "second or successive" habeas corpus application, and that petitioner has failed to obtain an order in the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") authorizing this court to consider the petition. As such, this action should be dismissed.

---

[1] Walter A. McNeil succeeded James R. McDonough as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d)(1).

**Petitioner is currently serving a 75-year sentence for sexual battery imposed by the Circuit Court of Broward County, Florida in Case Number 68-118. (Doc. 1, p. 1; Doc. 9, Ex. C, pp. 59-63).**[2]  **On December 21, 1978, while assigned to an outside work assignment off of institutional grounds, petitioner drove a state tractor to a secluded area and absconded on foot. (Ex. C, p. 65). Petitioner was eventually arrested by the Fulton County Sheriff on February 4, 1998. (Ex. C, pp. 67-75).**

**The criminal charge for escape was nolle prossed. (*Id.*). The Florida Department of Corrections ("DOC") did not issue petitioner a disciplinary report or forfeit any gain-time. Instead, the DOC created an out-time segment of 6,985 days (20 years) representing the time petitioner was not in custody. (Ex. C, pp. 77-80).**

**On or about April 25, 2002, after exhausting administrative remedies, petitioner filed a Petition to Invoke All Writs Jurisdiction or in the Alternative Petition for Writ of Habeas Corpus before the Circuit Court of Palm Beach County, Florida, challenging the out-time segment. (Ex. C, pp. 82-97). The state court construed the petition as seeking habeas relief and issued an Order to Show Cause. (Ex. C, pp. 99-101). After a response from the DOC and a reply from petitioner, the court entered an Order Denying Petition to Invoke All Writs Jurisdiction or Alternative Petition for Writ of Habeas Corpus holding:**

> **Petitioner has offered no evidence to suggest that officials of the Department of Corrections acquiesced to his release. The Department of Corrections properly included a 6985 day out-time segment in Petitioners sentence calculation representing the time between December 21, 1978 and February 4, 1998, when Petitioner was out of custody without authorization.**

**(Ex. C, p. 129).**

**On April 15, 2003, petitioner filed a Petition for Writ of Certiorari in the Florida Fourth District Court of Appeal ("Fourth DCA") challenging the lower court's ruling on the merits of his petition. (Ex. C, pp. 147-72). On August 22, 2003 the Fourth DCA**

---

[2]Hereafter, all references to exhibits will be to those provided at Doc. 9, unless otherwise noted.

*Case No: 4:07cv493/WS/MD*

ordered the DOC to respond to the petition insofar as petitioner had alleged a denial of due process. (Ex. C, p. 174). On September 12, 2003, the DOC accorded petitioner an out-time due process hearing to allow petitioner the opportunity to explain why he should be credited for the time he had spent out of custody. The Team noted in its out-time hearing report that petitioner stated "I went out on work detail and when I got a progress report I found out that they had lied to me about going to work release and I just walked away from the work detail. That was December 21, 1978 and I have been gone since." The Team concluded that "the subject left the supervision of appropriate staff at Glades C.I. with full knowledge that he had a lengthy prison term to complete. This is also evidenced by his admission to the Classification Officer who interviewed him." (Ex. C, pp. 176-80).

On September 16, 2003 the DOC responded to the Fourth DCA by filing a motion to dismiss. The DOC argued that there was case law holding that while a due process hearing is necessary when the DOC forfeits gain-time based on a disciplinary report for escape (due to the punitive nature of the forfeiture), no such hearing is necessary to simply adjust the running of a sentence for time not spent in custody. However, the DOC noted, based on the Fourth DCA's apparent concern for the lack of a hearing, counsel for the DOC had requested that petitioner be given such a hearing and that it had occurred on September 12, 2003. The DOC attached the written report of the hearing. Based on these subsequent, remedial actions, the DOC asked that the petition for writ of certiorari be dismissed as moot. (Ex. C, pp. 182-86). On September 18, 2003, the Fourth DCA granted the DOC's motion to dismiss. (Ex. C, p. 188). Petitioner's motion for rehearing was denied. (Ex. C, p. 196).

In the instant habeas corpus proceeding, petitioner challenges the creation of the out-time segment, arguing that the DOC impermissibly extended the length of his sentence and denied him due process in the administrative proceeding to determine whether he received credit for the time he spent out of DOC custody.

(Doc. 1, pp. 4, 7-11).  Petitioner admits on the petition form that he previously filed a habeas corpus petition in federal court regarding the validity of his state court confinement.  Specifically, he filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Florida, Case Number 04-20009.  (*Id.*, p. 3).

The record establishes that on January 5, 2004 petitioner filed a pleading he styled a 42 U.S.C. §1983 Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of Florida ("Southern District").  (Ex. A).  In that petition, petitioner argued that he was denied his right to due process in the administrative proceeding where his escape time was forfeited, that the addition of the out-time segment to his sentence was done without due process of law, and that the state courts erred in determining he was at fault when an official at his institution released him by mistake.  (*Id.*).

On January 13, 2004 the Southern District entered an order to show cause construing petitioner's pleading as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 and directing the DOC to respond.  (Ex. B, pp. 29-31).  The DOC responded.  (Ex. C, pp. 32-196).  On August 12, 2004 the Magistrate Judge entered a report recommending the petition be denied on the merits.  (Ex. E, pp. 204-12).  On September 1, 2004, the District Judge entered an order adopting the Magistrate Judge's report and denying petitioner habeas relief. (Ex. F, p. 213).

Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* Rule 9, Rules Governing Section 2254 Cases (2007); *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (Jan. 9, 2007), *reh'g denied*, 127 S.Ct. 1394 ( Feb. 26, 2007); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997).  A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that has not been previously authorized by an appellate court.  *Burton*, 127 S.Ct. at 796, 799 (district court lacked jurisdiction to entertain habeas petition since prisoner

did not obtain order authorizing him to file second petition); *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002).

Petitioner argues that this court should overlook his initial habeas proceeding because at the time the Southern District ruled on his first petition, the DOC was run by a corrupt Secretary. He further argues that the order denying habeas corpus relief improperly adopted the DOC's restatement of petitioner's claims, overlooked the merits of petitioner's claims, "unreasonably interpreted the facts of petitioner's claims and based its decision on that determination of those facts." (Doc. 12, pp. 7-9). Yet, regardless of whether petitioner agrees with the Southern District's disposition of his initial habeas corpus application, the fact remains that the instant petition is a "second or successive" application challenging the constitutionality of petitioner's continued incarceration following his escape from custody. It is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit in order to file this petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. For this reason, this case will be dismissed without prejudice.

Accordingly, it is **ORDERED**:

The clerk shall change the docket to reflect that Walter A. McNeil has been substituted as respondent in this cause.

And it is respectfully **RECOMMENDED**:

1. That respondent's motion to dismiss (doc. 9) be GRANTED.

2. That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE.

3. That the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

At Pensacola, Florida this 9th day of May, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**