IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROOSEVELT PARKS,**
        **Petitioner,**

**v.**                                    **Case No.  4:07cv493/WS/MD**

**WALTER A. MCNEIL,**
        **Respondent.**

_____

## REPORT AND RECOMMENDATION

        Before the court is petitioner's "Motion of Action," which the court construes as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  (Doc. 20).[1]  Respondent has filed a limited response.  (Doc. 25).[2]  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the motion should be granted.

        Petitioner is currently serving a 75-year sentence for sexual battery imposed by the Circuit Court of Broward County, Florida in Case Number 68-118.  (Doc. 1, p. 1; Doc. 9, Ex. C, pp. 59-63).[3]  On December 21, 1978, while assigned to an outside work assignment off of institutional grounds, petitioner drove a state tractor to a

_____

        [1]On June 25, 2008, this court entered a judgment dismissing petitioner's § 2254 habeas petition without prejudice as an unauthorized second or successive petition.  (Doc. 19).

        [2]Respondent states that  it is appropriate to rule on the motion, but does not indicate whether or not he opposes the relief sought.  (Doc. 25, p. 5).

        [3]Hereafter, all references to exhibits will be to those provided at Doc. 9, unless otherwise noted.

secluded area and absconded on foot.  (Ex. C, p. 65).  Petitioner was eventually arrested by the Fulton County Sheriff on February 4, 1998.  (Ex. C, pp. 67-75).

The criminal charge for escape was nolle prossed.  (*Id.*).  The Florida Department of Corrections ("DOC") did not issue petitioner a disciplinary report or forfeit any gain-time.  Instead, the DOC created an out-time segment of 6,985 days (20 years) representing the time petitioner was not in custody.  (Ex. C, pp. 77-80).

On January 5, 2004 petitioner filed in the United States District Court for the Southern District of Florida ("Southern District") a pleading on the court form entitled "A Complaint Under The Civil Rights Act, 42 U.S.C. 1983," but which petitioner characterized in his supporting memorandum as a "42 U.S.C. §1983 Petition for Writ of Habeas Corpus,"  (Ex. A; *see also Parks v. Crosby*, Southern District Case No. 1:04cv20009, Docs. 1, 2).  Petitioner challenged the denial of out-time credit, and sought release from custody.  (*Id.*).  On January 13, 2004 the Southern District entered an order to show cause in which it construed petitioner's pleading as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 and directed the DOC to respond.  (Ex. B, pp. 29-31).  The DOC responded.  (Ex. C, pp. 32-196).  On September 1, 2004, the court denied the petition on the merits.  (Ex. E, pp. 204-12; Ex. F, p. 213).

On November 20, 2007, petitioner initiated the instant federal habeas proceeding by filing a petition under 28 U.S.C. § 2254. (Doc. 1, p. 1).  He challenged the creation of the out-time segment, arguing that the DOC impermissibly extended the length of his sentence and denied him due process in the administrative proceeding to determine whether he received credit for the time he spent out of DOC custody.  (*Id.*, pp. 4, 7-11).  Petitioner admitted on the petition form that he previously filed a habeas corpus petition in federal court regarding the validity of his state court confinement.  Respondent filed a motion to dismiss the petition under 28 U.S.C. § 2244(b)(3)(A), arguing that the petition was an unauthorized second or successive petition.  On May 9, 2008, the undersigned issued a report recommending that

**respondent's motion be granted and the petition be dismissed without prejudice. (Doc. 15).  On May 27, 2008, petitioner filed an "Acquiescence to Magistrate's Report and Recommendation," in which he "ask[ed] the District Judge to adopt the R&R and dismiss this case, without prejudice and allow Parks to file an application to the Court of Appeals for the Eleventh Circuit seeking leave to filed [sic] a successive petition."  (Doc. 17).   Noting petitioner's response, the district judge adopted the report and recommendation, granted respondent's motion, and the dismissed the petition without prejudice.  (Doc. 18).  Judgment was entered June 25, 2008.  (Doc. 19).**

**Petitioner did not appeal.  Instead, he applied to the Eleventh Circuit for an order authorizing this court to consider a second or successive § 2254 petition.  On August 14, 2008, the Eleventh Circuit denied the application as unnecessary, explaining that because the Southern District recharacterized petitioner's initial filing as a habeas petition under 28 U.S.C. § 2241 "without warning him of the potential consequences of such recharacterization or giving him the opportunity to withdraw or amend the document;" that recharacterized petition does not render a subsequent § 2254 petition "second or successive" for purposes of 28 U.S.C. § 2244(b)'s restrictions.    (Doc. 20, p. 6) (citing *Castro v. United States*, 540 U.S. 375, 377, 124 S.Ct. 786, 789, 157 L.Ed.2d 778 (2003)).[4]**

---

[4]In *Castro, supra*, the Eleventh Circuit held that lower courts' recharacterization powers should be limited in the following way:

> The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion.  In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.  If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

*Castro,* 540 U.S. at 383, 124 S.Ct. at 792.

On August 26, 2008, petitioner filed the instant "Motion of Action" requesting that the court "dismiss the judgment and reopen the above styled cause, and rule on the merits of petitioner['s] petition."  In support, petitioner attached a copy of the Eleventh Circuit's August 14, 2008 order.   Respondent asserts that petitioner's motion "can be ruled upon," but he takes no position concerning whether relief should be granted.   (Doc. 25, p. 5).

As indicated previously, the undersigned construes plaintiff's motion as one for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

As to timing, the Rule further provides that the motion shall be made "within a reasonable time," and for reasons (1), (2), and (3) "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1) (2008).

As the Eleventh Circuit recently explained in an unpublished opinion, "Relief is available under Rule 60(b)(1) for mistakes of law or its application, *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 839-40 (11th Cir. 1982), but typically the district court is not required to grant relief unless the legal error is obvious.  *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)."  *Chambers v. Florida parole Comm'n*, 257 Fed. Appx. 258, 259 (11th Cir. Dec. 7, 2007); *see also Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996) (holding that in order to prevail on a motion filed under Rule 60(b)(1), the movant has the burden to demonstrate a justification so compelling that the court was "required" to vacate its order).  Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95

L.Ed. 207 (1950)).  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981),[5] the court set forth the factors that should inform the district court's consideration of a Rule 60(b) motion:

> (1) that final judgment should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.  These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.

*Id.*, at 402; *see also Montero v. Potter*, 174 Fed. Appx. 489, 490-91 (11th Cir. Mar. 31, 2006) (applying *Seven Elves* factors to district court's denial of a Rule 60(b)(1) motion).

Applying the foregoing to the instant case, the following factors weigh against granting petitioner's motion.  First, prior to entry of the judgment in this case, neither party raised a *Castro* issue or even suggested that *Castro* might apply.   In petitioner's submissions to this court, he did not dispute that in the Southern District proceeding his memorandum filed in support of his initial filing characterized that pleading as a "Civil Rights Act, 42 U.S.C. 1983 Petition for Writ of Habeas Corpus." Furthermore, in responding to the motion to dismiss in the instant case, petitioner made no complaint about the Southern District's recharacterization of his initial filing as a § 2241 habeas corpus petition.  He merely disagreed with the Southern District's resolution of the merits of his claims.  Moreover, in response to the undersigned's report recommending dismissal of the petition as an unauthorized second or successive petition, petitioner affirmatively requested that the R&R be

---

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

adopted and that this case be dismissed without prejudice to him seeking authorization from the Eleventh Circuit.  Upon entry of the judgment, petitioner did not appeal.  These factors suggest that even if the court erred as a matter of law in dismissing petitioner's § 2254 petition, the circumstances of this case are not so extraordinary as to require the court to disturb its final judgment.

Notwithstanding the foregoing, the undersigned is mindful that the Eleventh Circuit unequivocally determined that *Castro* applies in this case, and that the petition is not considered a "second or successive" petition.  Indeed, although the Supreme Court's decision in *Castro* involved a federal prisoner and § 2255 law, and although neither the Supreme Court nor the Eleventh Circuit has explicitly extended the rule of *Castro* to § 2254 petitions, it appears beyond question that the holding and rationale of *Castro* apply equally to state prisoners and § 2254 law.[6]  Had the undersigned raised the *Castro* issue *sua sponte*, respondent's motion to dismiss would have been denied because the record establishes that petitioner's initial filing in the Southern District was submitted on a form describing it as a § 1983 civil rights complaint, and that the Southern District Court recharacterized that pleading as a § 2241 habeas corpus petition without following the procedures later outlined in *Castro*.

Also to be considered is the fact that petitioner filed his Rule 60(b) motion within a very reasonable time – almost immediately after receiving the Eleventh Circuit's ruling.  Further, in responding to petitioner's Rule 60(b) motion, the respondent alleges no facts to suggest that it would be inequitable to grant relief, and the record reveals none.  On the other hand, there may be a statute of limitations issue if this court denies relief and requires petitioner to open a new habeas case.[7]

---

[6]*But see Gonzalez v. Crosby*, 545 U.S. 524, 529 n. 3, 125 S.Ct. 2641, 2646 n. 3, 162 L.Ed.2d 480 (2005) (expressly limiting its holding concerning the interplay between Rule 60(b) motions and the restrictions of 28 U.S.C. § 2244(b), to § 2254 cases, and noting that § 2255 contains its own provision governing second or successive applications and that, although that portion of § 2255 is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical).

[7]That is not to say that the present petition is not barred by the statute of limitations.  Indeed, it may be.  But neither the court nor the parties has yet addressed that issue.

Because this court must liberally construes Rule 60(b) to accomplish justice, the undersigned recommends granting petitioner's motion.

Accordingly, it is respectfully RECOMMENDED:

1.  That petitioner's "Motion of Action," (doc. 20) construed as a Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, be GRANTED to the extent that the judgment be vacated and this case re-opened.

2.  That the judgment (doc. 19) be VACATED.

3.  That the Clerk be directed to re-open this case.

4.  That the matter be referred to the undersigned for further proceedings.

At Pensacola, Florida this 20th day of October, 2008.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**