IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROOSEVELT PARKS,**
    Petitioner,

v.                                              Case No. 4:07cv493/WS/MD

**WALTER A. MCNEIL,**
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent has filed a response (doc. 33) to which petitioner has replied (doc. 45). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, Roosevelt Parks, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. Parks is not entitled to relief, and that the petition is without merit and should be denied.

## BACKGROUND

Mr. Parks is currently serving a 75 year sentence for sexual battery imposed by the Circuit Court of Broward County, Florida in Case Number 68-118 (doc. 1, p.

1; Doc. 9, ex. C, pp. 59-63).[1]  On December 21, 1978, while assigned to an outside work assignment off of institutional grounds, Mr. Parks drove a state tractor to a secluded area and absconded on foot (ex. C, p. 65).  Mr. Parks was eventually arrested by the Fulton County Sheriff on February 4, 1998 (ex. C, pp. 67-75).

The criminal charge for escape was nolle prossed (*id.*).  The Florida Department of Corrections ("DOC") did not issue Mr. Parks a disciplinary report or forfeit any gain-time.  Instead, the DOC created an out-time segment of 6,985 days (just over 19 years) representing the time Mr. Parks was not in custody (ex. C, pp. 77-80).  His release date was therefore extended by that amount.

On or about April 25, 2002, after exhausting administrative remedies, Mr. Parks filed a Petition to Invoke All Writs Jurisdiction or in the Alternative Petition for Writ of Habeas Corpus before the Circuit Court of Palm Beach County, Florida, challenging the out-time segment (ex. C, pp. 82-97).  The state court construed the petition as seeking habeas relief and issued an Order to Show Cause (ex. C, pp. 99-101).  After a response from the DOC and a reply from Mr. Parks, the court entered an Order Denying Petition to Invoke All Writs Jurisdiction or Alternative Petition for Writ of Habeas Corpus holding:

> **Petitioner has offered no evidence to suggest that officials of the Department of Corrections acquiesced to his release.  The Department of Corrections properly included a 6985 day out-time segment in Petitioner's sentence calculation representing the time between December 21, 1978 and February 4, 1998, when Petitioner was out of custody without authorization.**

(Ex. C, p. 129).

On April 15, 2003, Mr. Parks filed a Petition for Writ of Certiorari in the Florida Fourth District Court of Appeal ("Fourth DCA") challenging the lower court's ruling on the merits of his petition (ex. C, pp. 147-72).  On August 22, 2003 the Fourth DCA

---

[1] Hereafter, all references to exhibits will be to those provided at Doc. 9, unless otherwise noted.

*Case No: 4:07cv493/WS/MD*

ordered the DOC to respond to the petition insofar as Mr. Parks had alleged a denial of due process (ex. C, p. 174). On September 12, 2003, the DOC accorded Mr. Parks an out-time due process hearing to allow him the opportunity to explain why he should be credited for the time he had spent out of custody. The Team noted in its out-time hearing report that Mr. Parks stated "I went out on work detail and when I got a progress report I found out that they had lied to me about going to work release and I just walked away from the work detail. That was December 21, 1978 and I have been gone since." The Team concluded that "the subject left the supervision of appropriate staff at Glades C.I. with full knowledge that he had a lengthy prison term to complete. This is also evidenced by his admission to the Classification Officer who interviewed him." (Ex. C, pp. 176-80).

On September 16, 2003 the DOC responded to the Fourth DCA by filing a motion to dismiss. The DOC argued that there was case law holding that while a due process hearing is necessary when the DOC forfeits gain-time based on a disciplinary report for escape (due to the punitive nature of the forfeiture), no such hearing is necessary to simply adjust the running of a sentence for time not spent in custody. However, the DOC noted, based on the Fourth DCA's apparent concern for the lack of a hearing, counsel for the DOC had requested that Mr. Parks be given such a hearing and that it had occurred on September 12, 2003. The DOC attached the written report of the hearing. Based on these subsequent, remedial actions, the DOC asked that the petition for writ of certiorari be dismissed as moot (ex. C, pp. 182-86). On September 18, 2003, the Fourth DCA granted the DOC's motion to dismiss (ex. C, p. 188). Mr. Parks' motion for rehearing was denied (ex. C, p. 196).

On January 5, 2004 petitioner filed a pleading he styled a 42 U.S.C. §1983 Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of Florida ("Southern District") (ex. A). He argued that he was denied his right to due process in the administrative proceeding where his escape

time was forfeited, that the addition of the out-time segment to his sentence was done without due process of law, and that the state courts erred in determining he was at fault when an official at his institution released him by mistake (*id.*).

On January 13, 2004 the Southern District entered an order to show cause construing petitioner's pleading as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 and directing the DOC to respond (ex. B, pp. 29-31). The DOC responded (ex. C, pp. 32-196). On August 12, 2004 the Magistrate Judge entered a report recommending the petition be denied on the merits (ex. E, pp. 204-12). On September 1, 2004, the District Judge entered an order adopting the Magistrate Judge's report and denying petitioner habeas relief (ex. F, p. 213).

On November 26, 2007 Mr. Parks filed the instant petition (doc. 1). He admitted on the petition form that he previously filed a habeas corpus petition in federal court regarding the validity of his state court confinement. Respondent filed a motion to dismiss the petition under 28 U.S.C. § 2244(b)(3)(A), arguing that the petition was an unauthorized second or successive petition (doc. 9). On May 9, 2008, the undersigned issued a report recommending that respondent's motion be granted and the petition be dismissed without prejudice (doc. 15). On May 27, 2008, petitioner filed an "Acquiescence to Magistrate's Report and Recommendation," in which he "ask[ed] the District Judge to adopt the R&R and dismiss this case, without prejudice and allow Parks to file an application to the Court of Appeals for the Eleventh Circuit seeking leave to filed [sic] a successive petition." (Doc. 17). Noting petitioner's response, the district judge adopted the report and recommendation, granted respondent's motion, and the dismissed the petition without prejudice (doc. 18). Judgment was entered June 25, 2008 (doc. 19).

Petitioner did not appeal. Instead, he applied to the Eleventh Circuit for an order authorizing this court to consider a second or successive § 2254 petition. On August 14, 2008, the Eleventh Circuit denied the application as unnecessary,

explaining that because the Southern District recharacterized petitioner's initial filing as a habeas petition under 28 U.S.C. § 2241 "without warning him of the potential consequences of such recharacterization or giving him the opportunity to withdraw or amend the document;" that recharacterized petition does not render a subsequent § 2254 petition "second or successive" for purposes of 28 U.S.C. § 2244(b)'s restrictions. (Doc. 20, p. 6) (citing *Castro v. United States*, 540 U.S. 375, 377, 124 S.Ct. 786, 789, 157 L.Ed.2d 778 (2003)).[2]

On August 26, 2008, petitioner filed a pleading titled "Motion of Action," in which he requested that this court "dismiss the judgment and reopen the above styled cause, and rule on the merits of petitioner['s] petition." (Doc. 20). In support, petitioner attached a copy of the Eleventh Circuit's August 14, 2008 order. The court construed petitioner's motion as one for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and granted relief (docs. 26, 27). The matter is therefore back before this court.

Mr. Parks challenges the inclusion of the out-time segment in his remaining sentence, arguing that the DOC impermissibly extended the length of his sentence and denied him due process in the administrative proceeding to determine whether he received credit for the time he spent out of DOC custody (doc. 1, pp. 4, 7-11).

---

[2]In *Castro, supra*, the Eleventh Circuit held that lower courts' recharacterization powers should be limited in the following way:

> The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

*Castro,* 540 U.S. at 383, 124 S.Ct. at 792.

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2008).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas

---

[3] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Case No: 4:07cv493/WS/MD

> corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); *Ramdass v. Angelone*, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by Parker v. Head*, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer*,

538 U.S. at 73 (quoting *Williams*, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting *Williams*, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the

*Case No: 4:07cv493/WS/MD*

**State court adjudication results in a "satisfactory conclusion."** ***Williams*, 529 U.S. at 410–12;** *see also Schriro v. Landrigan,* **550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold").**

**Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."** *Miller-El v. Cockrell,* **537 U.S. 322, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).**

**When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1);** *see e.g. Miller-El,* **537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence");** *Jones v. Walker,* **469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").**

**Only if the federal habeas court finds that the petitioner satisfied AEDPA, and**

*Case No: 4:07cv493/WS/MD*

§ 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti v. Quarterman*, 551 U.S. 930, 127 S. Ct. 2842, 2858, 168 L.Ed.2d 662 (2007); *Jones*, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

## DISCUSSION

This case is now before the court after a lengthy and convoluted journey, but resolution of the issues raised is simple and straightforward. Mr. Parks escaped from prison. He was at large for 6985 days when he should have been in prison. When he was recaptured and returned to prison, he still had to serve the 6985 days he had not served while at large, plus whatever additional time was left on his sentence at the time he escaped (less gain time). When he was returned to prison he was not punished. The DOC did not take away any gain time. The criminal charge of escape was nolle prossed.[4] The only thing that followed from Mr. Parks' escape and recapture was the DOC's *recalculation of his date of release.* His release date had to be recalculated because he was at large for 6985 days. Therefore his release date was extended by adding the 6985 days he should have served but did not. Contrary to Mr. Parks' belief, his sentence was not increased. His sentence was not changed. His *release date* was extended because he did not serve the 6985 days *in prison* that the sentencing judge told him he had to serve.

Notwithstanding these simple facts, Mr. Parks contends that he was denied equal protection and due process. He says he was entitled to a hearing before his release date was adjusted. He relies on *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct.

---

[4]Mr. Parks' argument that he did not escape because he was not charged with escape is nonsensical. The fact that he was not criminally prosecuted works in his favor since he was not found criminally culpable and given a possible consecutive sentence. However, it does not work in his favor to the extent that it forgives him serving the time he was at large.

*Case No: 4:07cv493/WS/MD*

2963, 41 L.Ed.2d 935 (1974), which held that certain due process requirements attach before prison authorities can impose loss of gain time. He also argues that when the DOC finally held a hearing it was untimely because the DOC was dilatory in granting him a hearing, further denying him due process.

Whether the DOC was dilatory is irrelevant. If it was, it makes no difference, because *Mr. Parks was not entitled to a hearing in the first place* under *Wolff* or under any other federal constitutional authority. No decision of the Supreme Court suggests that the non-crediting of time spent out of custody requires the due process protections outlined in *Wolff*.

The Court of Appeals for the District of Columbia Circuit has addressed this issue directly. In *United States v. Luck*, 664 F.2d 311, 312-313 (D.C. Cir. 1981), the court explained that there is a difference between forfeiture of gain time (which did not happen to Mr. Parks) and the non-crediting of time spent out of custody (which is what happened to Mr. Parks). In explaining why the latter process does not require the due process to which Mr. Parks claims entitlement, the court reasoned:

> It has been the long standing practice in such escape cases that the prison authorities, without a formal procedure before the sentencing court, simply give no credit for the period the prisoner absented himself from the service of his sentence . . . . Appellant argues, however, that this process is unconstitutional under *Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff* the Court held that prisoners were entitled to certain minimum due process protections, including a hearing, when prison officials proposed to revoke good time credits for alleged misconduct. . . . . While both [gain time forfeiture and the non-crediting of time spent out of custody] affect the length of confinement, the former is a punitive measure based on a finding of culpability, while the latter is a simple matter of counting the number of days a prisoner was absent from the custody to which his sentence committed him. While an inmate's absence may not conclusively establish an "escape" in terms of culpability (citation omitted), it does establish an interruption in service of sentence, which in turn requires an adjustment to reflect the period he was absent.

**Thus, the fact that Mr. Parks takes issue with a hearing to which he was not entitled provides no basis for federal habeas relief. *Wolff* does not apply, and there is no Supreme Court authority holding that Mr. Parks was entitled to anything more than what he received, which was a recalculation of his release date.**

**Regardless, Mr. Parks also argues that Florida case law and DOC regulations entitle him to relief, but the Florida courts have held otherwise, and in any event, federal habeas relief is not available for alleged violations of state law. It is available to correct only constitutional injury. 28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). In *Branan v. Booth*, for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508 (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.)).**

*Case No: 4:07cv493/WS/MD*

## CONCLUSION

In the simplest terms, what Mr. Parks wants this court to do is force the state to give him credit for serving time *in prison* when he was enjoying life *at large*. Mr. Parks was sentenced to a lengthy prison term and he must serve it, and he is not entitled, under any theory, for credit for the time he spent at large. The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

Accordingly, it is respectfully RECOMMENDED that the 28 U.S.C. 2254 petition for writ of habeas corpus (doc. 1), challenging the recalculation of Mr. Parks' release date be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of August, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 4:07cv493/WS/MD*